TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Jason Francis*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Francis,<br><br>    Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc.,<br>an Ohio corporation,<br>Equifax Information Services, LLC<br>a Georgia corporation, and<br>U.S. Bank, N.A.,<br>a foreign corporation,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COME THE PLAINTIFF, JASON FRANCIS, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona; and

c. US Bank, N.A. ("US Bank"), which, upon information ad belief, is a foreign corporation that maintains registered offices in Minnesota.

## GENERAL ALLEGATIONS

6. US Bank is reporting its trade line with account number 40378400XXXX ("Errant Trade Line") with multiple charge offs on Plaintiff's Experian and Equifax credit files.

7. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly largely and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

8. Credit reporting is a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

9. The multiple charge offs convey to any user or prospective of Mr. Francis' credit reports that, not only did a charge off incur on particular date, but for several months thereafter.  These repetitive charge notations are far more punitive and misleading than informative.

10. Further, Experian refused to investigate Mr. Francis' consumer dispute, in violation of the FCRA.

11. Sometime in September 2015, Mr. Francis obtained his credit files and noticed several inaccuracies on his credit files.

12. On or about September 16, 2015, Mr. Francis submitted letters to Experian and Equifax, disputing the Errant Trade Line.  He did not dispute the Errant Trade Line on the basis of multiple charge offs.

13. On or about October 18, 2015, Mr. Francis submitted another letter to Experian and Equifax, disputing the Errant Trade Line.  Again, he did not dispute the Errant Trade Line on the basis of multiple charge offs.

14. On or about February 1, 2016, Mr. Francis obtained his credit files and noticed multiple charge offs on the Errant Trade Line.

15. On or about March 8, 2016, Mr. Francis submitted letters to Experian and Equifax, disputing the multiple charge offs on the Errant Trade Line.

16. Upon information and belief, Equifax forwarded Mr. Francis' consumer dispute to US Bank.

17. On or about March 19, 2016, Mr. Francis received correspondence from Experian, which stated that it previously processed the dispute and pursuant to Section 611(a)(3)(A) of the FCRA, it would not reinvestigate the same dispute again.  This is false as Mr. Francis never disputed the multiple charge offs on the Errant Trade Line.

18. On or about March 25, 2016, Mr. Francis received Equifax's dispute results, which showed that US Bank retained the multiple charge offs on the Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY US BANK

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Mr. Francis' consumer dispute of the multiple charge offs of the Errant Trade Line, US Bank negligently failed to conduct a proper investigation of Mr. Francis' dispute as required by 15 USC 1681s-2(b).

21. US Bank negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to remove the multiple charge offs from the Errant Trade Line.

22. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Francis' consumer credit file with Equifax to which it is reporting such trade line.

23. As a direct and proximate cause of US Bank's negligent failure to perform its duties under the FCRA, Mr. Francis has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. US Bank is liable to Mr. Francis by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Mr. Francis has a private right of action to assert claims against US Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant US Bank for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY US BANK

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Mr. Francis disputed the accuracy of the information it was providing, US Bank willfully failed to conduct a proper reinvestigation of Mr. Francis' dispute.

6

28. US Bank willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of US Bank's willful failure to perform its duties under the FCRA, Mr. Francis has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. US Bank is liable to Mr. Francis for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant US Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Francis as that term is defined in 15 USC 1681a.

7

33. Such reports contained information about Mr. Francis that was false, misleading, and inaccurate.

34. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Francis, in violation of 15 USC 1681e(b).

35. After receiving Mr. Francis' consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Francis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Experian is liable to Mr. Francis by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Francis as that term is defined in 15 USC 1681a.

40. Such reports contained information about Mr. Francis that was false, misleading, and inaccurate.

41. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Francis, in violation of 15 USC 1681e(b).

42. After receiving Mr. Francis' consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Francis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Experian is liable to Mr. Francis by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Francis as that term is defined in 15 USC 1681a.

47. Such reports contained information about Mr. Francis that was false, misleading, and inaccurate.

48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Francis, in violation of 15 USC 1681e(b).

49. After receiving Mr. Francis's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Francis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Mr. Francis by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Francis as that term is defined in 15 USC 1681a.

54. Such reports contained information about Mr. Francis that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Francis, in violation of 15 USC 1681e(b).

56. After receiving Mr. Francis's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Francis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Mr. Francis by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 15, 2016

                                       KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Jason Francis